## MISTAKE IN A MECHANIC'S LIEN AS TO THE OWNERSHIP OF THE PROPERTY.

Circuit Court of Cuyahoga County.

O. T. LAPHAM v. FENTON E. SPINK ET AL.

Decided, February 5, 1901.

*Agency—Mechanic's Lien—Agency May be Implied—Mechanic's Lien Valid Though Affidavit Does Not State True Owner of Property.*

1. An agency may be implied from the relationship and dealings of the parties, and where a son has permitted his father to have charge of certain property, collect rents, make repairs and alterations, without protest on his part, an agency to purchase materials for other repairs and alterations will be presumed.
2. An affidavit for a mechanic's lien which states that the ownership of the property is in someone other than the real owner, does not thereby make the lien invalid when the property is properly described.

*Frank Higley,* for plaintiff.
*E. J. Thobaben* and *A. W. Myers,* contra.

CALDWELL, J.; MARVIN, J., and HALE, J., concur.

This case is in this court on appeal. Lapham brought an action to foreclose a mechanic's lien on certain property of which the defendant is owner.

The evidence as presented, raises two questions for consideration, and these are questions of law as well as of fact:

*First.* Did the plaintiff furnish the materials for the building upon which he seeks to enforce his lien, under a contract with the owner?

*Second.* Did the plaintiff so perfect his lien that he is now entitled to a judgment in this case?

In the lifetime of Mrs. Spink, who was the wife of R. E. Spink and the mother of Fenton E. Spink, this property was in her name and by the records she was shown to be the owner of the same; she died and Fenton E. Spink became the owner of the property subject only to the dower of his father, R. E. Spink.

R. E. Spink took upon hismself, with his son's consent, the entire management of the property and all improvements that were made upon the same from time to time, and collected and used the rents for his own purposes. While thus managing the property, he at one time made improvements upon the same by way of building a porch to the house, and contracted for the lumber and labor necessary for the erection of the same, with his son's knowledge and acquiescence. Later and about the time that Lapham furnished material, R. E. Spink again made improvements upon the property. Those improvements consisted in laying walks from the street to the house, and steps to approach the house, and in making certain changes inside of the house.

The son knew that the father was about to make these improvements, and made no objection and in a very mild manner advised his father that he did not think that the changes inside of the house were necessary.

A mechanic's lien was taken by the party who did the stone work, which lien the defendant has since paid.

Lapham, for the lumber and material that he furnished for the inside work, took a lien for such material, and that lien he here seeks to foreclose.

Under the statute of our state it is necessary that the party who is about to perform work or furnish material. for an improvement of property of this nature, must have a contract with the owner; and the contention in this case is, that there was no contract with the owner; and that is based upon two propositions: first, that R. E. Spink was not the agent of the owner; second, that the defendant never assented to his making improvements upon the property.

The contract required by the statute is such a contract as may arise out of the facts, and need not be shown at all times by an express agreement.

That R. E. Spink contracted for this lumber for the improvement of this property, there can be no question, and, as we understand, no question is made upon that point. But it is contended that R. E. Spink was not the agent of the defendant.

To prove the fact of agency it often becomes necessary to show how the principal and one who is alleged to be his agent have acted toward each other.

In this case R. E. Spink had entire control of this property. He rented it; he collected the rents; he used them as he saw fit, with the consent of his son, and entered into such contracts as to the property, both as to renting and repairs, as to him seemed proper, and the son acquiesced at all times in such dealings on the part of his father.

We have no doubt but that under the circumstances the father was the agent of the defendant; although they might not have understood that relation to exist between them, yet in law that was the relation they sustained to each other.

It is said that R. E. Spink had no authority to bind his son in making the improvements that he made upon the property and that they were made without his knowledge and consent and, therefore, outside of any authority the agent had.

This contract of agency may be express or implied, and the question of the agent's authority may also be express or implied. A very common way of showing that one who is said to be the agent of another had authority to do the act in question, is to show that prior acts of a similar nature had been done by the agent and approved by the principal.

In this case we find that R. E. Spink had built the porch without any consultation with his son, and had bought the lumber, had overseen the work and had paid for the same out of the moneys belonging to the son. To all of this the son made no objection, but acquiesced in the same. The father contracted for the stone work at the same time that the present lien was created. The son knew that the father was making the contract; he knew that the stone was being furnished; he assented to the same being done and thereafter paid the lien that was taken upon the property for that work.

At the same time that the stone work was being done, the plaintiff was furnishing lumber for the improvement of the house; the son knew that the father contemplated doing the work; he did nothing more than to advise against it. After the father's death he went on and completed the work, and for such purpose obtained other material from the plaintiff.

Under all this testimony, taking into consideration that it was a dealing between the father and the son, we think that the son acquiesced in the improvement that was being made and at the time of his father's death made no objections to Lapham by reason of the fact that he had furnished material for such work, but, on the contrary, ordered more material from Lapham to complete the building. We think that the plaintiff has made out his case in this regard and that he has established the fact that he furnished the material under a contract with the owner. Of course, what one does by an agent, he does himself.

The second question is: Was this lien so perfected as to now bind the property and enable the plaintiff to foreclose it against the defendant?

R. E. Spink in his lifetime bought the lumber that went into the property. Fenton E. Spink had inherited the property from his mother some years before these improvements were made.

When Lapham came to file his lien, he looked at the records and found that that property stood in the name of Mrs. Spink, and thereupon he made out his affidavit and lien, naming her as the owner of the property.

The statute does not require that in the affidavit that is filed to perfect the lien, the owner shall be named.

The statute of this state, as in many others, seems to regard the perfecting of the lien as a proceeding *in rem* against the property, and if the property is properly described and the other requisites of the statute are complied with, it is all that is contemplated to be done to perfect the lien.

If this contract was with the defendant, as we have found it was, then he is liable for this lumber, and notwithstanding he was not named as the owner of the property and another was named, because the property was described as required by the statute, we think, as against the defendant, the lien is good.

These statutes are now quite universally regarded by the courts as remedial in their nature, and are liberally construed, and the rule is that if anything is named by the statute as a condition precedent to the obtaining of a lien, such as furnishing the material under the contract and with the owner, that that must be complied with; but that, in taking the steps to perfect the lien upon the record, no error will be regarded as defeating the lien, unless it is such as is prejudicial to the owner.

The error here complained of in no way prejudices the owner of the property.

If such a mistake should be made and innocent parties should obtain an interest in the property, or a lien upon the same, without actual knowledge, questions of a different nature would arise, which it is not necessary to consider in this action.

We think, under the law and facts of this case, that the plaintiff has shown himself entitled to the relief which he asks and, in fact, the defendant does not seriously object to this, except that he thinks there was not fair dealing with his father on the part of Mr. Lapham; but the court is satisfied that the account is a just one and the plaintiff is entitled to the relief he prays for in his petition, at the cost of the defendant.